IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH THOMAS,

    Plaintiff,                    No. CIV S-05-1243 MCE DAD P

    vs.

MANUEL MEDINA, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with this civil rights action. Before the court are plaintiff's objections to findings and recommendations filed August 19, 2005, and plaintiff's untimely and incomplete response to the court's June 28, 2005 order.

        By order filed June 28, 2005, plaintiff was granted thirty days to prepare and return to the court the documents required for service of plaintiff's complaint. The order was served on plaintiff by mail at his address of record. The order was not returned to the court. On July 11, 2005, the court received from plaintiff a notice of change of address dated July 7, 2005. The notice does not indicate the date on which plaintiff was transferred. Nor does the notice contain a request for an extension of time to comply with any pending orders. In findings and recommendations filed August 19, 2005, the undersigned recommended that this action be dismissed because plaintiff failed to submit the documents required by the June 28, 2005 order.

In his objections to the findings and recommendations, plaintiff claims that he informed the court on June 25, 2005, that he would be changing addresses. Plaintiff further claims that he wrote the court again on or about June 28, 2005, to inform the court of his new address. Plaintiff asserts that the June 28, 2005 order and forms were forwarded to him but were not expedited by Folsom State Prison. Plaintiff does not indicate the date on which he received the June 28, 2005 order. One of plaintiff's exhibits is a copy of a notice of change of address dated June 25, 2005.

The court did not receive any document from plaintiff dated June 25, 2005, or June 28, 2005. The court received a single notice of change of address dated July 7, 2005. Plaintiff is cautioned that he must promptly notify the court and, after defendants have appeared in this action, defendants' counsel of any change of address. Service of orders and other documents on plaintiff at his address of record constitutes effective service. There are no automatic extensions of time based on a change of address, and a party's change-of-address notice will not be construed as a request for an extension of time. In light of plaintiff's pro se status and in the interests of justice, the court will vacate the findings and recommendations filed August 19, 2005, and permit plaintiff to proceed.

The court cannot direct the United States Marshal to serve plaintiff's complaint, however, because plaintiff has not complied with the June 28, 2005 order. Plaintiff was required to submit "all of the following documents to the court at the same time": the completed signed Notice of Submission of Documents (the Notice form was provided with the order), one completed summons (one summons form was provided with the order), one completed USM-285 form for each of the eleven defendants (eleven USM-285 forms were provided with the order), and twelve complete copies of the endorsed complaint filed June 21, 2005 (one endorsed copy of the complaint was provided with the order). Plaintiff has submitted only the summons and USM-285 forms. This matter cannot proceed until plaintiff submits the completed Notice of Submission of Documents and twelve copies of the complaint.

IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 19, 2005, are vacated; and

2. Within thirty days, plaintiff shall submit the completed, signed Notice of Submission of Documents with twelve copies of the endorsed complaint filed June 21, 2005. Failure to submit these documents within the specified time period will result in a second recommendation that this action be dismissed for failure to comply with court orders.

DATED: September 2, 2005.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13:bb
thom1243.8f