IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH THOMAS,

    Plaintiff,                    No. CIV S-05-1243 MCE DAD P

    vs.

MANUEL MEDINA, et al.,

    Defendants.             <u>ORDER</u>

_____/

        On December 13, 2005, the court advised plaintiff that, if he wishes to proceed with his claims against defendant B. Lathem, he must provide additional information that will enable the United States Marshal to serve the defendant.[1] The court ordered plaintiff to submit, within sixty days, a new USM-285 form for defendant Lathem. Plaintiff has filed a document titled in part "Motion to Proceed," in which he states that he will not be able to produce additional information for service of defendant Lathem. He asks "that the court proceed."

        If plaintiff wishes to dismiss his claims against defendant Lathem and proceed on his claims against the remaining defendants, he must plainly state that he voluntarily dismisses

---

[1] The United States Marshal was directed to serve plaintiff's complaint on eleven defendants. On December 1, 2005, service was returned unexecuted for defendant Lathem. Waivers of service of summons have been filed for eight defendants. Service of the two remaining defendants is still in progress.

1

his claims against defendant Lathem. If plaintiff wants additional time to obtain information about defendant Lathem, he must plainly state what steps he will take to obtain information and how much time he needs to carry out his plan. The motion to proceed will be denied without prejudice to a motion in which plaintiff clarifies the action sought.

Plaintiff's motion to proceed is joined with a request to identify the contents of an envelope that prison officials delivered to him open and empty. Plaintiff refers to the envelope as enclosed. Plaintiff is advised that it is the policy of the Clerk of the Court to discard envelopes during the opening of mail, and it appears that the envelope sent by plaintiff has been discarded. Plaintiff does not state when he received the envelope, but the envelope may have contained plaintiff's copy of this court's order filed and served January 6, 2006, granting the request for extension of time filed January 5, 2006, by defendants Armstrong, Peterson, Shepherd, Medina, Walton, Boone, Manuel, and Schievelbein.

Eight defendants have appeared in this action by filing a request for extension of time to respond to plaintiff's complaint. Plaintiff is advised that every document he submits to the court for filing in this action in the future must be accompanied by a proof of service declaring that a copy of the document was served on defendants' counsel at the address shown on defendants' request for extension of time. Motions and requests that are not accompanied by a proper proof of service will be denied, and other filings not accompanied by a proof of service will be disregarded.

In accordance with the above, IT IS ORDERED that plaintiff's January 12, 2006 motion to proceed is denied without prejudice, and the accompanying request to identify the contents of an envelope is denied because the envelope was discarded by the Clerk of the Court.

DATED: January 23, 2006.

DAD:13
thom1243.motreq

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE