IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH THOMAS,

    Plaintiff,                    No. CIV S-05-1243 MCE DAD P

    vs.

MANUEL MEDINA, et al.,

    Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action filed June 21, 2005.  On June 28, 2005, the court determined that plaintiff's complaint states cognizable claims against eleven defendants.  Eight defendants have been served with the complaint and have moved to dismiss the complaint pursuant to unenumerated Rule 12(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff has filed a motion for an enlargement of time "to properly respond to the defendants 12(b)(6) motion, through an amended complaint."  Plaintiff asserts that he must "properly align the facts to the evidence."  Defendants have filed opposition to plaintiff's request to amend.

        Plaintiff is advised that an amended complaint is not a proper response to defendants' motion to dismiss.  Pursuant to the order filed in this case on October 21, 2005, all motions to dismiss shall be briefed pursuant to Local Rule 78-230(m).  A plaintiff who opposes a

1

1  motion to dismiss must file and serve written opposition to the motion in accordance with the
2  schedule set forth in Local Rule 78-230(m).  The October 21, 2005 order cautions the parties that
3  failure to file timely opposition to any motion listed in the order, including a motion to dismiss,
4  "may be deemed a waiver of opposition to the motion."  (Order filed Oct. 21, 2005, at 3.)  The
5  court's order also sets forth in detail the requirements for opposing a motion to dismiss for failure
6  to exhaust administrative remedies made by a defendant pursuant to non-enumerated Rule 12(b).
7  (Id. at 3-4.)  If plaintiff fails to contradict defendants' evidence of non-exhaustion with
8  admissible evidence of exhaustion, the court may rely on defendants' evidence.  If plaintiff does
9  not serve and file written opposition to defendants' motion to dismiss for failure to exhaust
10 administrative remedies, the court may consider plaintiff's failure to act as a waiver of opposition
11 to the motion to dismiss.  (Id. at 4.)

While a plaintiff has a right to amend his pleading once before an answer is filed, the filing of an amended complaint will not relieve plaintiff of his obligation to respond to defendants' motion in accordance with the court's October 21, 2005 order and Local Rule 78-230(m).  The court does not intend to screen any amended complaint filed by plaintiff until the court has resolved defendants' motion to dismiss.  It appears from a statement in plaintiff's motion for enlargement of time that at least some of his claims were not exhausted prior to his filing of this action.[1]  It will serve no purpose for plaintiff to file an amended complaint alleging claims that are subject to dismissal.  The court will therefore deny plaintiff's motion for time to file an amended complaint as his response to defendants' motion to dismiss.

Plaintiff will be granted thirty days to file opposition to defendants' motion to dismiss.  Plaintiff's opposition to defendants' non-enumerated Rule 12(b) motion must meet the requirements set forth in the court's October 21, 2005 order.  In opposition to defendants' Rule

---

[1] Plaintiff's complaint, which was received for filing on June 21, 2005, is dated June 8, 2005.  In his motion for an enlargement of time to file an amended complaint, plaintiff states that his claim of excessive use of force by defendants Medina and Walton was exhausted on June 23, 2005, when his inmate appeal was denied at the third level.

12(b)(6) motion, plaintiff may argue that he can amend his complaint to cure defects cited by defendants, but the court will not consider an amended complaint in lieu of such argument.

Plaintiff has also requested more time to locate the three unserved defendants. The court will deny plaintiff's requests without prejudice at this time. If plaintiff's claims against defendants Lathem, Krlsuh, and Adams are not dismissed, the court will permit plaintiff to renew his request for more time to locate the defendants for service. The documents received from plaintiff on March 24, 2006, for service on defendant Adams will be disregarded as plaintiff has not provided a new address for the defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 17, 2006 request for extension of time to locate defendant B. Lathem is denied without prejudice.

2. Plaintiff's March 22, 2006 motion to enlarge time to complete service on defendants D. Krlsuh and B.C. Adams is denied without prejudice.

3. Plaintiff's April 10, 2006 motion for an enlargement of time to file an amended complaint as a response to defendants' motion to dismiss is denied.

4. Plaintiff's opposition to defendants' March 16, 2006 motion to dismiss shall be filed and served within thirty days from the date on which this order is signed; defendants' reply shall be filed and served in accordance with Local Rule 78-230(m).

DATED: May 5, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
thom1243.mta

3